**YUESU WENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Respondents.**

**No. 06–1428–ag.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2006.

David X. Feng, New York, NY, for Petitioners.

Brett L. Tolman, United States Attorney for the District of Utah, Diana Hagen, Assistant United States Attorney, Salt Lake City, UT, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Yuesu Weng, a native and citizen of the People's Republic of China, seeks review of a March 7, 2006 order of the BIA affirming the September 28, 2004 decision of Immigration Judge ("IJ") Gabriel Videla denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuesu Weng,* No. A79 156 233 (B.I.A. Mar. 7, 2006), *aff'g* No. A79 156 233 (Immig. Ct. N.Y. City Sept. 28, 2004).

We assume the parties' familiarity with the underlying facts and procedural history of the case.

Normally, when the BIA adopts and affirms the IJ's opinion in all respects but one, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the IJ's factual findings that the BIA adopted under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir. 2004).

■ In this case, we are unable to determine the degree to which the BIA intended to modify the IJ's decision. The BIA found that the IJ's assessment of "a portion" of Weng's testimony was "impermissibly speculative," but did not specify which of the IJ's findings it found impermissible or which were sustainable. The point at which an implausibility finding "ceases to be sustainable as reasonable and, instead, is justifiably labeled 'speculation' ... cannot be located with precision," *see Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir.2006), and therefore the lack of clarity from the BIA frustrates our review. Although we too would be inclined to find some of the IJ's findings speculative—notably (1) his suspicion that Weng had "no idea what she was talking about" because she initially stated that she was "persecuted *by* Falun Gong," when she otherwise consistently claimed the Chinese government persecuted her *because of* Falun

Gong; (2) his implication that Weng's father, a construction worker, would not plausibly refuse to denounce Falun Gong when the punishment for refusal would be severe, when there was no indication he was aware of the likely punishment; and (3) his assumption that her account of her arrest was implausible, without conducting any probing to draw out actual inconsistencies or improbable details—we decline to guess at how the BIA viewed each finding. *See Cao He Lin*, 428 F.3d at 400.

Additionally, it is not clear to what extent the BIA adopted the IJ's corroboration-related findings. While the BIA specifically adopted the IJ's finding that Weng could have corroborated her claim that she practiced Falun Gong in the United States, it failed even to mention the adverse factor most emphasized in the IJ decision: Weng claimed that her parents had been detained or missing ever since their February 2002 arrest, yet submitted ID cards for them that were issued in June 2002. Weng, however, provided an explanation for this seeming discrepancy, and the BIA's decision could be read as finding the IJ's reasons for rejecting Weng's explanation speculative. We do not decide whether or not we would be compelled to credit Weng's testimony were we charged with reviewing the adverse credibility finding, since we may neither affirm nor reverse the decision under review for reasons other than those provided by the agency, *see Cao He Lin*, 428 F.3d at 400, and the BIA has failed to clarify which reasons are subject to review.

■ Moreover, assuming the BIA intended to adopt the IJ's determination that asylum should also be denied as a matter of discretion—because Weng obtained a "safe haven" in Mexico while en route to the United States, then entered without inspection—that finding was also flawed. While the regulations once includ-

ed a provision allowing an IJ to make a negative discretionary finding based on an alien's stay in another country, that regulation was repealed several years before Weng's hearing, and stays in third countries are now relevant only to the analysis of whether an alien was firmly resettled under 8 C.F.R. § 1208.15; the IJ did not address that issue here. *See Tandia v. Gonzales,* 437 F.3d 245, 248–49 (2d Cir. 2006). Additionally, there is no authority to suggest that clandestine entry alone can be considered a serious adverse factor supporting discretionary denial of an asylum claim. For these reasons, the asylum claim is remanded, with instructions to the BIA to clarify which portions of the IJ's decision were impermissibly speculative, and to explain whether or why that decision is nonetheless sustainable.

On the other hand, Weng's withholding and CAT claims are dismissed for lack of jurisdiction, because she failed to exhaust them before the BIA pursuant to 8 U.S.C. § 1252(d)(1). Claim exhaustion is a mandatory requirement, and we may not review these claims when a petitioner does not raise arguments relevant to their denial before the BIA. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006); *Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 115 n. 7 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, in part, and DISMISSED, in part. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.